PEGRAM *et al. v.* NEW YORK EL. R. CO. *et al.*

(*Superior Court of New York City, General Term.*  June 1, 1891.)

PRACTICE IN CIVIL CASES—STRIKING CAUSE FROM CALENDAR.

   In an action to restrain the operation of an elevated railroad in front of certain premises it appeared that plaintiff had theretofore conveyed the premises to a third person by a deed which purported to reserve to plaintiff all damages, past or future, by reason of the operation of the railroad. *Held,* that the cause was properly stricken from the equity term calendar on defendant's motion, where the only objection thereto was that defendant had waived its right to jury trial, having known of the existence of the deed before the trial began, and it appears that defendant did not know of such deed until it was produced at the trial.

Appeal from equity term.

Action by John C. Pegram and John A. Loring, as trustees under the will of Nancy Homer, deceased, against the New York Elevated Railroad Company, the Manhattan Railway Company, and Charles E. Butler. From an order striking the cause from the equity term calendar plaintiffs appeal.

Argued before SEDGWICK, C. J., and FREEDMAN and MCADAM, JJ.

*Roger Foster,* for appellants. *Davies & Rapallo,* (*Edward C. James,* of counsel,) for respondents.

PER CURIAM.  The action was for an injunction against the defendants continuing to use the easements of light, air, and access appurtenant to plaintiffs' premises, as the complaint stated, and for damages.  The issues came on for trial at an equity term.  In the course of the trial the plaintiff, as a witness on the plaintiffs' opening case and on cross-examination for defendants, testified that plaintiffs had sold, a year before, the said premises to which the easements were appurtenant.  The conveyance of the property was produced and proved.  It contained a "reservation," so called, to the plaintiffs, the grantors, of all damages suffered or to be suffered to the property from the infringement of the easements by the defendants, and also, as was claimed by the plaintiffs' counsel, a reservation of the easements themselves.  Thereupon it was claimed by defendants' counsel that, it appearing that the plaintiffs had conveyed the abutting property, they had no equitable right to an injunction, and the action, upon that fact appearing, was one at law for damages only, and the defendants had a right to trial by jury, which they then claimed. The plaintiffs' counsel made but one objection to the demand of the defendants.  They interposed no other objections, if any there are; and such cannot be urged upon appeal.  The objection urged was that the right to a trial by jury had been waived by the defendants, the defendants' counsel having stated that the existence of this deed was known by them before the trial was begun.  This was denied by counsel for defendants.  The deed was made July 8, 1889.  It does not appear that the defendants knew of the deed before it was produced upon the trial or before the trial had begun.  The defendants' counsel had not stated that the deed was known by them before the trial was begun.  The court announced its determination to strike the case from the equity calendar, with leave to the plaintiffs to make such motion as they saw fit, and, if they did not see fit to make such motion, to notice the case for trial before a jury.  The order made simply struck the cause from the equity term calendar.  The action of the court was correct, so far as was concerned the only objection made to it by the plaintiffs.  The order appealed from is affirmed, with $10 costs.